NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANITA KUZOVA; YAVOR KUZOV, | No. 14-16984 |
| Plaintiffs-Appellants, | D.C. No. 2:10-cv-01711-JAD-GWF |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; LOLA PARACUA; JEFFERSON B. SESSIONS III, Attorney General; JANET NAPOLITANO; ALEJANDRO MAYORKAS; ROBERT MULLER; UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted April 4, 2017
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  EBEL,[**] M. SMITH, and N.R. SMITH, Circuit Judges.

Yanita Kuzova and Yavor Kuzov filed a complaint under 8 U.S.C. § 1447(b), requesting, among other things, that the district court adjudicate each of their applications for naturalization.  The district court dismissed their claims as moot or unexhausted.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court properly dismissed Counts 1 and 2—Kuzova's request for adjudication under 8 U.S.C. § 1447(b) and request for a writ of mandamus—as moot.  In December 2013, the district court remanded Kuzova's application for naturalization back to the United States Citizenship and Immigration Service ("USCIS").  The USCIS adjudicated her application.  Thus, there is no remaining relief Kuzova can obtain under § 1447(b).[1]  *See Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995).

---

[**]      The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

[1] Kuzova's claims do not meet any of the exceptions to the mootness doctrine.  *See Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173–74 (9th Cir. 2002).  These claims are not capable of repetition.  *Id*.  And voluntary cessation is not applicable, because the government did not change any policy in response to litigation.  *See Rosebrock v. Mathis*, 745 F.3d 963, 971–72 (9th Cir. 2014).  Rather, the government adjudicated the claims as directed by the district court's remand under 8 U.S.C. § 1447(b).

Kuzova asserts the district court abused its discretion in remanding the adjudication back to the USCIS. We disagree. First, the district court is authorized to remand under § 1447(b). Although the district court must provide the USCIS "with appropriate instructions" upon remand, it need not make findings of fact prior to remand. *See* 8 U.S.C. § 1447(b). Second, the fact that the USCIS may have administratively closed Kuzova's application in October 2012 is not relevant to the district court's remand. There is no evidence that the government gained any tactical advantage by administratively closing the application in October 2012 (which it previously closed in December 2010). Further, even if the USCIS acted improperly by administratively closing the application, any action it took would have been unenforceable. *See United States v. Hovsepian*, 359 F.3d 1144, 1160–61 (9th Cir. 2004) (en banc). The district court had exclusive jurisdiction over this case from January 2011 to December 2013 (when it remanded the naturalization issue to the USCIS). *See id.* Lastly, the record does not suggest that the administrative closure affected the remanded proceedings. If there were any allegations of wrongdoing in the USCIS's adjudication of Kuzova's naturalization application, she should have raised those allegations in the appeal of the USCIS's December 2013 decision. *See* 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(b).

2.      The district court properly dismissed Counts 2 and 7—Kuzov's request for a writ of mandamus and request for a declaration of rights—as moot. Kuzov became a naturalized citizen through his military service under 8 U.S.C. § 1440. Therefore, there was no form of relief the district court could provide. *See Nome Eskimo Cmty.*, 67 F.3d at 815. Although Kuzov argues that citizenship granted under § 1440 is somehow less desirable than citizenship granted under 8 U.S.C. § 1427, we know of no differences in a person's rights based upon which route was used to obtain citizenship.[2] We acknowledge that both statutes provide bases for denaturalization; however, the record does not evince any real potential for Kuzov's denaturalization.[3]

3.      The district court properly dismissed Count 3—Appellants' request for injunctive and declaratory relief based on the government's unreasonable delay and

---

[2] Kuzov asserts that the I-130 petition he filed on behalf of his mother was denied based on his failure to obtain citizenship under § 1427. This premise is based on a misunderstanding of the I-130 petition process. Kuzov's mother's I-130 petition was revoked not because of his citizenship through § 1440 but rather based on allegations that she committed marriage fraud. *See* 8 C.F.R. § 205.2(a).

[3] First, Kuzov's underlying immigration status is irrelevant to naturalization based on military service. *See* 8 U.S.C. § 1440. Second, although Kuzov raised in oral argument for the first time that he could have lost his citizenship if he was dishonorably discharged within five years of his naturalization, this event did not occur. Kuzov's counsel represented that Kuzov is still enlisted in the military, and the record establishes that he has been a naturalized citizen for over five years.

actions in violation of the APA—as moot. Kuzov argues his claim is not moot because he still has an outstanding naturalization application. Kuzova argues her claim is not moot because her application was improperly administratively closed. We disagree with Appellants. Both Appellants' applications have been adjudicated. Although Appellants are dissatisfied with the results, there is no further relief available. *See Nome Eskimo Cmty.*, 67 F.3d at 815.

4.      The district court properly dismissed Count 4, wherein Kuzova requested "declaratory and injunctive relief in the form of finding" that the government's removal proceedings did not "prevent [the district court] from determining [her] naturalization matter." Kuzova asserts the district court misconstrued her allegation, because Count 4 alleged "a cause of action *for abuse of process under Nevada state law*," and she sought declaratory and injunctive relief "for those tortious abuse of process[s] and violations of procedural and substantive due process." Count 4 does not include state law claims. Nevertheless, to the extent that Kuzova made allegations challenging the removal proceedings, the district court correctly found that it lacked jurisdiction to review the Department of Homeland Security's removal proceedings. To the extent she was arguing the removal proceedings should not preclude the district court from adjudicating her naturalization application, it did not. Removal proceedings were terminated in

June 2012.  The district court then chose to remand the naturalization application to the USCIS.  Thus, the district court can provide no further relief.  *See Nome Eskimo Cmty.*, 67 F.3d at 815.

5.	The district court properly dismissed Count 5, wherein Appellants alleged due process violations for the USCIS's failure to timely adjudicate their naturalization applications because of their mother's underlying removal proceedings.  The district court concluded that Kuzov's claim was moot, and Kuzova's claim was moot or needed to be exhausted in separate administrative proceedings.  We agree. Appellants assert that the USCIS should have provided written notice of the reasons for the alleged delay and should have provided a mechanism for rebutting the allegations of marriage fraud.  Kuzov's claim was mooted when he obtained citizenship through naturalization.  Kuzova's claim was either moot or subject to administrative exhaustion, because (1) her application was adjudicated, and (2) the mechanism for rebutting the allegations of her mother's marriage fraud was to appeal the USCIS's December 2013 decision denying her naturalization application.

6.	The district court properly dismissed Count 6, wherein Kuzova requested a declaration of rights.  Rather than deciding Kuzova's naturalization application in the first instance, the district court remanded the matter for adjudication before the

USCIS.  Although Kuzova raises multiple claims of misconduct by the government, the district court properly adjudicated the matter under § 1447(b) when it remanded to the USCIS.  Thus, the district court did not abuse its discretion when it concluded that alternative remedies exist for Kuzova with regard to any remaining allegations.  Kuzova could have raised the alleged abuse of process claims in her appeal from the USCIS's December 2013 decision.

**AFFIRMED.**